UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FLETMAR TRADING LTD.,

        Plaintiff,

    -against-

INTERNATIONAL EQUIPMENT SUPPLIERS,
LLC,
        Defendant.
-------------------------------------------------------X

**JUDGE HOLWELL**

**07 CV 3077**

07 CV
ECF CASE



RECEIVED
APR 17 2007
U.S.D.C. S.D. N.Y.
CASHIERS

### VERIFIED COMPLAINT

Plaintiff, Fletmar Trading Ltd., (hereinafter referred to as "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint against the Defendant, International Equipment Suppliers, LLC, (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.     At all times material to this action, Plaintiff, was, and still is, a foreign corporation duly organized and operating under the laws of Cyprus, having an office and place of business located at Fortuna Court, Block B, 284, Arch, Makarios III Ave, CY-3105, Limassol, and is engaged in the business of freight forwarding.

3.     Upon information and belief, Defendant, was and still is a business entity, organized and existing pursuant to the laws of one of the states of the United States of America, with an office and place of business located at 60N Chicago Street, Joliet, Illinois 60432 and is engaged in the business of exporting scrap metals.

## RELEVANT FACTS

4. Defendant, International Equipment Suppliers, LLC, engaged the services of plaintiff, Fletmar, to provide transportation for numerous shipments of scrap metal from Puerto Limon, C.R. to Haldia, India, and from Vera Cruz, Mexico to Ningbo, China, pursuant to Fletmar bills of lading numbered FLETPLMHALL1034V04, FLETPLMHALL1037V04, FLETPLMHALL1038V04 and FLETMANXINL1019V04, dated August 9, 2004, August 19, 2004, August 19, 2004, and July 25, 2004, respectively.

5. The cargoes traveling under the above referenced bills of lading were received into the care and custody of plaintiff and/or its agents at the aforementioned ports of departure and duly transported to the their intended ports of destination.

6. Thereafter, plaintiff demanded payment from the defendant for shipping freight owed for the transportation services provided.

7. Despite repeated demands, defendant has failed to pay shipping freight that was, and still is, due and owing to plaintiff and has, thereby, caused plaintiff to sustain damages in the total amount of **$45,682.43**.

8. By virtue of the foregoing, defendant has breached the contracts of carriage to which it voluntarily entered.

9. On June 23, 2005, plaintiff commenced litigation in the Procuraduria General de la Republica, Mexico, against defendant, International Equipment Suppliers, LLC to recover the freight owed.

10. Plaintiff expects to recover the following amounts:

   A. Freight B/L FLETPLMHALL1034V04         $14,130.00
   B. Freight B/L FLETPLMHALL1037V04         $10,990.00
   C. Freight B/L FLETPLMLALL1038V04         $ 3,140.00

|  |  |  |
|---|---|---|
| C. | Freight B/L FLETPLMLALL1038V04 | $ 3,140.00 |
| D. | Freight B/L FLETMANXINL1019V04 | $ 836.00 |
| E. | Interest at 6.25% per annum | $ 6,586.43 |
| F. | Attorneys Fees and Expenses | $ 10,000.00 |
|  | **TOTAL** | **$45,682.43** |

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.*, which are believed to be due and owing to the Defendant.

12. The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment pursuant to Rule B of the Supplemental Rules for certain Admiralty and Maritime claims, attaching *inter alia*, any assets of the defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular matters alleged in the Complaint;

B. That since the defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee including, but not limited to, *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.*, which are due and owing to the Defendant, in the amount of **$45,682.43** calculated to date to secure the plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    An Order recognizing and enforcing any final judgment rendered by the Procuraduria General de la Republica, Mexico in Plaintiff's favor for the monies owed and the claims herein;

    D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

    E.    That Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       April 16, 2007
       283-02

                                      The Plaintiff,
                                      Fletmar Trading Ltd.,

                                      By: _____
                                      Christopher M. Schierloh (CS-6644)
                                      CASEY & BARNETT, LLC
                                      317 Madison Avenue, 21st Floor
                                      New York, New York 10017
                                      Tel: 212-286-0225
                                      Fax: 212-286-0261
                                      cms@caseybarnett.com

## ATTORNEY'S VERIFICATION

State of New York  )
                        ) ss:
County of New York )

1. My name is Christopher M. Schierloh.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.

Dated: New York, New York
       April 16, 2007

                                                                         */s/ Christopher M. Schierloh*
                                                                          Christopher M. Schierloh